UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-36

DEBORAH K. BLACK, and
RICK BLACK,                                                                                                    PLAINTIFFS,

v.                                      **OPINION AND ORDER**

OUR LADY OF THE WAY HOSPITAL, INC.,
PATRICK COLLINS, and
PREM VERMA,                                                                                                   DEFENDANTS.

        This matter is before the Court on the Motion to Substitute the United States as Defendant in Place of Patrick Collins, D.O. (Rec. No. 4) filed by the Defendant Patrick Collins and the Motion to Dismiss (Rec. No. 5) filed by the potential defendant, the United States.

        The issue raised in these motions is whether the Court should permit the Plaintiffs discovery or a hearing on the issue of whether Defendant Patrick Collins was acting within the scope of his employment for Big Sandy Health Care, Inc. ("Big Sandy") at the time that he rendered medical services to the Plaintiff Deborah K. Black. If Collins was acting within the scope of his employment for Big Sandy, then, pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, the Plaintiffs cannot assert a claim against Collins and, instead, the United States should be substituted for Collins as a defendant in this action.

        For the following reasons, the Court will GRANT the Motions to Substitute and to Dismiss.

        **I.      FACTS.**

        The Plaintiffs Deborah K. and Rick Black allege in their Complaint that Deborah Black was admitted to Our Lady of the Way Hospital where she was treated by the Defendant Collins and Co-Defendant Prem Verma, who are physicians. The Plaintiffs allege that Our Lady of the Way

Hospital and both physicians were negligent in rendering medical care to Deborah and that both Plaintiffs have suffered damages as a result. The Plaintiffs filed their Complaint in Floyd Circuit Court. Defendant Collins then removed the action to this court pursuant to the FSHCAA at 42 U.S.C. § 233(c).

Defendant Collins now asks the Court to substitute the United States as a defendant in place of him. In support of his motion, Collins cites the FSHCAA at 42 U.S.C. § 233(a) which provides that the exclusive remedy for personal injury resulting from the performance of medical, surgical, dental or related functions by a Public Health Service employee, while acting within the scope of his employment, is the remedy against the United States provided under the Federal Tort Claims Act at 28 U.S.C. §§ 1346(b), 2672.[1]

On the same date as Collins filed his motion to substitute the United States as a defendant, the United States filed a motion to dismiss the action against it asserting that the Plaintiffs failed to file an administrative claim which the United States argues is a jurisdictional prerequisite to maintaining a suit under the Federal Tort Claims Act at 28 U.S.C. § 2675.[2] In addition, the United States moves that the action be remanded to state court upon its dismissal as a defendant.

---

[1] 42 U.S.C. § 233(a) provides the following:
The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

[2] 28 U.S.C. § 2765 provides the following:
a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

**II.     ANALYSIS.**

The Plaintiffs do not dispute that the action must be dismissed against the United States if the United States is substituted as a defendant in this action. Nor do the Plaintiffs dispute that Big Sandy is a Public Health Service employee for purposes of the FSHCAA, entitling it and its employees to the Act's protection.[3] Big Sandy provides health care and medical services to residents of Floyd, Magoffin, and Pike Counties and surrounding communities. (Rec. No. 9, Reply, Ex. 1, Agreement). Pursuant to an employment agreement with Big Sandy effective July 1, 2006, Collins agreed to provide medical services at sites owned or operated by Big Sandy.

But the Plaintiffs dispute whether Collins was working within the scope of his employment for Big Sandy at the time of the incident in question. Specifically, they request a hearing and discovery on whether Collins was instead working for Defendant Our Lady of the Way Hospital at the time of the incident.

As evidence that Collins was working within the scope of his employment for Big Sandy at the time of the incident, Collins submits a certification by the Acting United States Attorney for the Eastern District of Kentucky certifying that Collins "was acting within the scope of his employment as an employee of the United States Health Service at the time of the incident" at issue in the Plaintiffs' Complaint.

The Attorney General's certification is prima facie evidence that Collins was acting within

---

[3] With his motion to substitute, Collins attaches a letter from the Department of Health & Human Services to Big Sandy Health Care, Inc., stating that the Health Resources and Services Administration (HRSA), Bureau of Primary Health Care (BPHC), in accordance with Section 224(g) of the Public Health Services Act, 42 U.S.C. § 233(g), deems Big Sandy Health Care, Inc. to be "an employee of the [Public Health Service] for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability coverage, effective January 1, 2006."

3

the scope of his employment for Big Sandy. *Singleton v. United States*, 277 F.3d 864, 870-71 (6th Cir.2002). To rebut the certification, "the plaintiff must produce evidence that demonstrates that the employee was not acting in the scope of employment. If the plaintiff produces such evidence, the government must then produce evidentiary support for its certification." *Id*.

Plaintiffs point out that the Plaintiff Deborah Black was at Our Lady of the Way Hospital when the alleged negligence occurred. Our Lady of the Way Hospital is not owned or operated by Big Sandy. They also point to the following provision in Collins' employment agreement with Big Sandy:

> Physician and BSHC agree that Physician will be assigned to work at either Mud Creek Clinic or Hope Family Medical Center. *The parties acknowledge that the Physician has a preexisting contractual obligation to Our Lady of the Way Hospital which may require him to maintain admission privileges at Our Lady of the Way Hospital for a period of up to three years.* The parties further acknowledge that in light of this preexisting agreement, it would be expedient for the Physician to work at Mud Creek Clinic and maintain admission privileges at Our Lady of the Way Hospital. . . .

(Rec. No. 9, Reply, Agreement, Ex. D (emphasis added)).

The Plaintiffs argue that the italicized language suggests that, when Collins rendered medical services to Deborah Black, he was working for Our Lady of the Way pursuant to a contract that preexisted his contract with Big Sandy.

To explain this provision of the agreement, Collins submits the affidavit of Ancil W. Lewis, the Chief Executive Officer of Big Sandy, who states that he negotiated the agreement with Collins. (Rec. No. 13, Response, Lewis Aff.). Lewis explains that Collins advised him during the contract negotiations that Our Lady of the Way loaned Collins money to pay a portion of his medical educational expenses and that, in return, Collins agreed his medical practice would be located in

Floyd County, Kentucky for a three-year period and that he would maintain admission privileges with Our Lady of the Way.

Lewis explains that Big Sandy requires, as a standard condition of the employment contract, that its physicians maintain staff privileges at local hospitals. The agreement requires Collins to maintain membership "in the medical Staff at local hospital(s) as deemed appropriate by the Chief Executive Officer. Prior to the Effective Date of this Agreement, Physician shall make application for membership in the medical staff of the hospitals selected by the Chief Executive Officer." (Rec. No. 9, Reply, Ex. 1, Agreement § 4.5).

Lewis explains that, because of Collins' agreement with Our Lady of the Way, language was added to the contract specifically indicating that Collins' hospital privileges were to be maintained at Our Lady of the Way. Lewis further explains that Our Lady of the Way requires that physicians agree to provide "on-call" medical coverage at the hospital in order to maintain hospital staff privileges. Lewis explains that, at the time that the Plaintiff was admitted to Our Lady of the Way, Collins was the on-call physician covering Our Lady of the Way.

Lewis states that Big Sandy billed the Plaintiff for Dr. Collins' services and attaches a billing summary that supports this assertion. Lewis also submits the bills from Big Sandy to Deborah Black. Collins also submits his affidavit in which he states that he did not bill privately for the services provided to the Plaintiff and has not received any compensation for the services provided to the Plaintiff other than the regular compensation he received from Big Sandy. (Rec. No. 9, Reply, Ex. 3).

"Whether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI Titanium*

5

*Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1143 (6th Cir.1996). However, the district court must resolve disputed issues of fact regarding this issue. *Singleton*, 277 F.3d at 870.

In determining whether an employee acted within the scope of his employment, Kentucky courts "focus on the motive of the employee." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 566 (6th Cir. 2008)(quoting *Patterson v. Blair*, 172 S.W. 3d 361, 369 (Ky. 2005)). "In general, the employee acts within the scope of his employment when his 'purpose, however misguided, is wholly or in part to further the master's business.'" *Id.* However, when the employee "acts from purely personal motives ... which [are] in no way connected with the employer's interests, he is considered in the ordinary case to have departed from his employment." *Id*.

At the time of the incident at issue, Collins was rendering medical services which is what he was hired to do for Big Sandy. The incident occurred at a hospital at which Big Sandy required that Collins maintain hospital privileges. Collins' actions were in furtherance of Big Sandy's business. Big Sandy billed the Plaintiff. Collins did not bill the Plaintiff privately and he received no compensation for that work other than his regular salary from Big Sandy. Finally, even if Collins' negligently rendered medical care, his purpose while rendering medical care was to further Big Sandy's business. He did not act from purely personal motives which were in no way connected to Big Sandy's interests.

The Plaintiffs ask for discovery on the issue of whether, at the time of the incident, Collins was also required to render medical services for Our Lady of the Way to patients at the hospital and specifically states that Collins' contract with Our Lady of the Way Hospital may help resolve it. However, even if Collins were also obligated to render medical care for Our Lady of the Way at the time in question, the billing records make clear that he was not acting in furtherance of that

6

obligation when rendering medical care to the Plaintiff. Big Sandy billed the Plaintiff for Collins' services. Our Lady of the Way did not. Nor did Our Lady of the Way compensate Collins for rendering medical care to the Plaintiff. Collins' only compensation for his services came in the form of his regular salary from Big Sandy. Plaintiffs have produced no evidence that Our Lady of the Way billed them for Collins' medical services. Such evidence would be in the Plaintiffs' hands without the need for additional discovery.

The Plaintiffs have requested discovery and a hearing solely on the issue of whether Collins was obligated to render medical care for Our Lady of the Way during the time frame at issue. However, even if he was, the evidence shows that when Collins rendered medical care to the Plaintiff, he was acting only within the scope of his employment for Big Sandy. Accordingly, there is no need for further discovery or a hearing on the Attorney General's certification. *RMI Titanium*, 78 F.3d at 1143. The United States should be substituted as a Defendant for Collins pursuant to 42 U.S.C. § 233(a) and 28 U.S.C. § 2679(d)(1) and the Plaintiffs' sole remedy against the United States is under the FTCA.

Pursuant to the FTCA, an action cannot be brought against the United States unless "the claimant shall have first presented the claim to the appropriate Federal agency" and been denied recovery. 28 U.S.C. § 2675(a). The United States has submitted a declaration from a Department of Health and Human Services representative that no such administrative claim has been filed by Plaintiffs. The Plaintiffs do not dispute this. Accordingly, their claim against the United States must be dismissed for lack of jurisdiction.

Where the federal claims are dismissed in actions originating in state court, the remaining state law claims generally should be remanded to the state court from which they were originally

removed. *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 583 (6th Cir. 2007); *see also* 28 U.S.C. § 1367(c)(3). Accordingly, the Court will Remand to the state court the Plaintiffs' state law negligence claims against the other Defendants, Our Lady of the Way Hospital and Prem Verma.

### III. CONCLUSION.

For all these reasons, the Court hereby ORDERS as follows:

1) the Motion to Substitute (Rec. No. 4) is GRANTED;

2) the United States is SUBSTITUTED as a defendant in this action in place of the Defendant Patrick Collins and the Defendant Patrick Collins is DISMISSED from this action;

3) the United States' Motion to Dismiss (Rec. No. 5) is GRANTED and the claims against the United States are DISMISSED for lack of jurisdiction;

4) the Plaintiffs' remaining state law claims are REMANDED to the Floyd Circuit Court; and

5) this matter is STRICKEN from the active docket of this Court.

Dated this 8th day of August, 2008.



Signed By:
*Karen K. Caldwell*
United States District Judge